**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MARCUS JOHNSON (#487159),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:16-cv-0084** |
| | ) | |
| **MARCEDES HARDING et al.,** | ) | **Judge Campbell** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Marcus Johnson, an inmate in state custody, brings this *pro se* civil rights action under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth herein, the complaint must be dismissed.

**I.     Standard of Review**

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.    Factual Allegations**

The plaintiff alleges that in August 2015 he was denied permission to submit his name for entry into the Technical Violators Diversion Program, despite the fact that he was approved as eligible and met all the criteria for participation in this program. The plaintiff submitted his name numerous times for entry into the program but was repeatedly denied permission even to submit his name for consideration by "these Bledsoe County racial and impartial [sic] authorities." (ECF No. 1, at 4.) The plaintiff states that he filed grievances and completely exhausted his administrative remedies, including filing a complaint with the U.S. Department of Justice under Title VI. The plaintiff names as defendants the following: Marcedes Harding, Derrick Schofield,

B.O.P., Warden Doug Cook, T.D.O.C., State, Jane and Jone Doe, as well as "Bledsoe," the prison in which he is incarcerated. He names all defendants in their official and individual capacities.

Although the plaintiff makes reference to "Title VI," he does not actually allege facts giving rise to an inference of racial discrimination. He states only that Valery Nichols (who is not named as a defendant) is "over programs and classification" and that she has continually refused to submit him for entry into the Technical Violators Diversion Program, even though he sent her a copy of a letter documenting his eligibility for the program. The plaintiff alleges that Warden Doug Cook oversees Nichols and approved her actions instead of requiring her to comply with the applicable regulations; Deputy Commissioner Jason Woodall is allegedly involved in the matter because he approved the decision without requiring adherence to administrative procedures and policies. Marcedes Harding is allegedly involved because he (or she) could have but failed to conduct an investigation into the matter. (ECF No. 1, at 5.)

The plaintiff invokes 42 U.S.C. § 200d-7(a)(1) as abrogating states' immunity for violations of Title VI of the Civil Rights Act. Besides monetary compensation, the plaintiff demands prospective relief in the form of an order requiring state officials to approve him for the program into which he seeks entry, removal of the defendants from jobs they are not qualified to hold, and that he not be subject to retaliation or further adverse actions based upon his race.

The plaintiff attached numerous exhibits to his complaint which somewhat elucidate his claims. In a grievance addressed to Warden Cook, the plaintiff complained that:

> Ms. Valery Nichols [refused] to submit my name to the Technical Violators Camp for which I am eligible seeing I am only back to prison on a technical violation and not a charge. It is in the TOMIS and my parole decision that I am eligible for the program, but I can get no one to adhere to the administrative policies and procedures nor give me a reason for my denial which is a Title VI issue . . . .

(ECF No. 1-1, at 1.) "V. Nichols" signed the response to the grievance, stating "Your name was submitted [but] you are not eligible for the program - you were put off by parole board until 8/2016." (*Id.*)

Even before filing that grievance, the plaintiff had filed a Title VI complaint about his exclusion from the Technical Violators  Diversion Program. The grievance was denied by the warden and again at the initial appeal level by TDOC's Title VI Coordinator, Marcedes Harding. (*See* ECF No. 1-2, at 10.) In his appeal from that decision, the plaintiff finally included express assertions that his exclusion from the Technical Violators Diversion Program was racially motivated and that he was being discriminated against on the basis of race.

(*See* ECF No. 1-2, at 4 ("I Marcus Johnson am appealing the Title VI Coordinators decision . . . on the grounds that I am being discriminated against because I am black . . . .").) Even there, however, he did not include any facts substantiating his claim of racial discrimination.

The Commissioner's response to the appeal, signed by TDOC Deputy Commissioner Jason Woodall, states: "The circumstances surrounding the alleged incident do not substantiate a Title VI Violation. Inmate Marcus Johnson #487159 fails to support his allegation of discriminatory treatment . . . under Title VI - Civil Rights Act of 1964." (ECF No. 1-2, at 1.)

### III.  Discussion

The plaintiff's complaint is brought under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act.

To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. The deprivation of rights alleged here is discrimination and/or retaliation on the basis of race.

Section 601 of Title VI, 42 U.S.C. § 2000d, prohibits discrimination on the basis of race, color, or national original in any program or activity receiving federal funding. The Supreme Court has confirmed that "private individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages." *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001) (citations omitted). To state a claim under § 601, a plaintiff must allege intentional discrimination, not merely disparate impact. *Id.*

The plaintiff clearly believes that the defendants discriminated against him based on race. However, irrespective of the other elements he would be required to prove against each defendant in order to recover under either statute, the plaintiff fails to state a claim for which relief may be granted under § 1983 or Title VI, because he does not allege any actual facts to support his belief. He simply indicates that he is black and that he was wrongfully excluded from the Technical Violators Diversion Program. He does not, for instance, show that he was treated differently from similarly situated white inmates or present facts suggesting that the inmates who are admitted to the program are predominantly white. His subjective belief that his exclusion from the program was racially motivated, standing alone, is not sufficient to support a federal cause of action based on discrimination. *Cf. Foster v. Michigan*, 573 f. App'x 377, 394 (6th Cir. 2014) ("Appellants, however, fail to plead any plausible claims of intentional discrimination. Rather, Appellants' Title VI race-discrimination claims

consist of nothing more than legal conclusions such as 'Plaintiffs have been denied participation based upon race, color, national origin, and gender.' These conclusory allegations of race discrimination are insufficient."); *Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) ("[A] complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief." (citation omitted)).

## IV. Conclusion

Because the complaint fails to allege facts sufficient to support a claim of race discrimination under § 1983 or Title VI, the complaint will be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

TODD CAMPBELL
United States District Judge